# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert N. Cravalho,<br><br>　　　　Petitioner,<br><br>v.<br><br>State of Arizona, et al.,<br><br>　　　　Respondents. | No. CV-20-08168-PCT-SRB<br><br>**ORDER** |

　　　　Petitioner, Robert Cravalho, signed and sent for filing his Petition for Writ of Habeas Corpus on July 6, 2020. The Petition was screened and dismissed with leave to amend on July 27, 2020. An Amended Petition for Writ of Habeas Corpus was filed on August 7, 2020 to which Respondents were ordered to answer. The Respondents filed a Limited Answer on October 29, 2020 arguing that the Habeas Petition was barred by the statute of limitations and, alternatively, that the grounds raised therein were procedurally defaulted. Petitioner filed a Motion to Object to the Limited Answer, which the Court considers his Reply, on November 16, 2020.

　　　　The Magistrate Judge issued her Report and Recommendation on March 31, 2021 which accurately states the procedural history of the case in state court prior to the July 6, 2020 signing of the Petition. The Magistrate Judge concluded that the one-year statute of limitation provided in 18 U.S.C. §2254(d)(1) began running on June 13, 2019, 30 days after the May 8, 2019 final dismissal order of Petitioner's State Petition for Post-Conviction Relief, requiring any timely habeas petition to be filed no later than June 13, 2020.

Petitioner did not file his Petition until July 6, 2020, 23 days after the limitations period had expired.  Alternatively, the Magistrate Judge found that the three claims raised in the Amended Petition were procedurally defaulted without excuse because Petitioner had failed to raise these claims in a properly filed Petition for Post-Conviction Relief in state court.  The Magistrate Judge recommended that the Amended Petition be denied and dismissed with prejudice and that a Certificate of Appealability be denied.

Petitioner filed timely objections on May 11, 2021 objecting to both the finding that his claims were barred by the one-year statute of limitations and the finding that his claims were procedurally defaulted. Respondents filed a Response to the objections on May 24, 2021 and Petitioner filed a Response to the Respondents' Response on June 9, 2021.

**I. OBJECTIONS TO STATUTE OF LIMITATIONS**

Petitioner objects to the Magistrate Judge's finding that the statute of limitations began to run on June 13, 2020 urging that his Petition for Special Action filed in the Arizona Court of Appeals on May 28, 2020 tolled the running of the statute of limitations. Petitioner is wrong.  As the Magistrate Judge explained, Arizona Rule of Criminal Procedure 33.16 required the filing of a Petition for Review to the Arizona Court of Appeals from the denial of a Post-Conviction Relief Petition no later than 30 days after the denial and Petitioner never filed a Petition for Review.  There is no authority for Petitioner's contention that his Petition for Special Action is a valid substitute for the Rules' requirement of the Petition for Review.

Petitioner also argues in his Objections that he had the right to file two Petitions for Post-Conviction Relief in state court and his second petition filed on January 10, 2020 likewise tolled the running of the one-year statute of limitations. This second petition was dismissed by the trial court on January 29, 2020 which noted that a second petition alleging only ineffectiveness of appellate counsel was allowed but was required to be filed within 30 days of the ruling of the appellate court.  The ruling of the Arizona Court of Appeals declining jurisdiction of Petitioner's Special Action Petition occurred on August 21, 2019. As this was not a "properly" filed state court application for relief it did not toll the statute

| | |
|---|---|
| 1 | of limitations as the Magistrate Judge correctly found. |
| 2 | The only other available tolling is equitable tolling where a petitioner has diligently |
| 3 | pursued his rights and extraordinary circumstances exist. *See*, *United States v. Aguirre-* |
| 4 | *Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010). Petitioner raises the same arguments in his |
| 5 | Objections that he urged in his Petition. The Magistrate Judge correctly found that his |
| 6 | confusion about time limitations when his Post-Conviction Relief counsel withdrew and a |
| 7 | claimed special education background do not rise to the level of extraordinary |
| 8 | circumstances beyond his control that made it impossible to file his Habeas Petition timely. |
| 9 | The state judge gave Petitioner a specific date, March 25, 2020, as the deadline to file any |
| 10 | Supplement to his Post-Conviction Relief Petition and Petitioner failed to make any |
| 11 | supplemental filing. |
| 12 | Petitioner's Objections to the Magistrate Judge's Report and Recommendation |
| 13 | recommending that the petition be denied and dismissed with prejudice because it was filed |
| 14 | after the expiration of the statute of limitations are over-ruled. |

**II. OBJECTIONS TO PROCEDURAL DEFAULT**

Petitioner raised three grounds for habeas relief in his Amended Petition: 1) newly discovered evidence; 2) ineffective assistance of trial counsel; and 3) ineffective assistance of Post-Conviction Relief counsel. The Magistrate Judge found that Petitioner never raised a newly discovered evidence claim in state court until his second Post-Conviction Relief Petition that was dismissed as untimely. Petitioner never filed a Petition for Review of the dismissal in the Arizona Court of Appeals resulting in a procedural default of this claim. Petitioner's Objection to this finding of procedural default is his claim that he never had a chance to fairly present the claim in state court because the trial court dismissed his second petition as untimely. But that is the reason this claim is procedurally defaulted. By failing to timely raise this claim in state court and without the ability to return to state court to raise the claim, it is procedurally defaulted and not subject to habeas review.

The Magistrate Judge addressed the two ineffective assistance of counsel claims together finding that while ineffective assistance of trial counsel was claimed in the Post-

Conviction Relief Petition, it was only in the Notice of Post-Conviction Relief and Petitioner failed to file a Supplemental Petition raising any material issues of law or fact in support of the claim of ineffective assistance of trial counsel. He never appealed the denial of his petition by filing a Petition for Review with the Arizona Court of Appeals resulting in a failure to exhaust this claim.

Similarly, the claim of ineffective assistance of Post-Conviction Relief counsel was raised in his untimely second Post-Conviction Relief Petition. Petitioner also failed to appeal the denial of this Petition to the Arizona Court of Appeal resulting in a failure to exhaust this claim in state court before attempting to raise it here.

Petitioner's Objections focus on the merits of his claims of ineffective assistance of trial counsel and Post-Conviction Relief counsel and fail to show that the finding of procedural default was incorrect. Petitioner does argue that there would be a miscarriage of justice if his untimely and procedurally defaulted claims are not considered on their merits. But as the Magistrate Judge discussed in her Report and Recommendation, a petitioner must show some external cause that prevented him from following the state court rules and fairly presenting his claim and a fundamental miscarriage of justice also requires a showing of actual innocence. Petitioner failed to show cause or prejudice. No facts are presented in his filings, including his Objections, to point to any external cause for his failure to file the required Supplement to his Notice of Post-Conviction Relief or his failure to appeal the denial of his first petition and the dismissal of his second to the Arizona Court of Appeals. Moreover, Petitioner has failed to demonstrate that a constitutional violation has resulted in the conviction of an innocent person. Procedural default is not excused and Petitioner's Objections to the Magistrate Judge's Report and Recommendation's finding of procedural default are overruled.

IT IS ORDERED that Petitioner's Objections to the Magistrate Judge's recommendation for denial and dismissal with prejudice of the Amended Petition are overruled.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the

- 4 -

Magistrate Judge as the Order of this Court. (Doc. 19)

IT IS FURTHER ORDERED denying and dismissing Petitioner's Amended Petition for Writ of Habeas Corpus with prejudice. (Doc. 6)

IT IS FURTHER ORDERED denying Petitioner's Motion to Expanding (sic) the Court Recorder (sic). (Doc. 23)

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not fine the procedural ruling debatable.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 21st day of June, 2021.

Susan R. Bolton
United States District Judge